IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA                                                          PLAINTIFF

v.                         No. 4:23-cv-309-DPM

S&J CONSTRUCTION COMPANY, INC.;
JCA LLC; FOREST OAKS DEVELOPMENT,
LLC; and ACJ RENTAL COMPANY, LLC                                         DEFENDANTS

### ORDER

The Court previously dismissed Travelers's claims against JCA, Forest Oaks, and ACJ Rental for failure to state a claim. *Doc. 26.* Travelers filed an amended complaint. The entities move to dismiss the claims against them again, arguing that Travelers hasn't added enough facts to make it plausible that they are indemnitors or that Jerry Smith had actual or apparent authority to bind them to the indemnity agreements. The Court takes the pleaded facts as true. *Sparkman Learning Center v. Arkansas Department of Human Services*, 775 F.3d 993, 997 (8th Cir. 2014).

The motion to dismiss is granted as to the 1997 agreement and denied as to the 2010 and 2018 agreements. Travelers has plausibly alleged that the three entities are indemnitors under the latter two agreements. Those agreements define an indemnitor this way:

> Undersigned, all new Indemnitors added to this Agreement by rider, their present and future direct and indirect

>  subsidiaries, affiliates, and parent companies, and all of their successors and assigns, and any joint venture, co-venture, consortium, partnership, trust, association, limited liability company or other legal entity in which one or more of them are involved, whether in existence now or formed or acquired hereafter, and any entity that obtains Bonds from Company at the request of any of the aforementioned parties, or any combination of the above.

*Doc. 33-2 at 1; Doc. 33-3 at 1.* Travelers pleads that Jerry Smith was a founder, member, and officer of JCA and ACJ Rental. *Doc. 33 at 11.* It also says that Forest Oaks is a subsidiary of ACJ Rental. *Ibid.* These allegations raise the reasonable inference that the three entities are limited liability companies in which Smith was involved.

The entities argue that Travelers could have prepared riders that named them as indemnitors, but didn't. True. But one plausible reading of the run-on definition in the agreements is that "Indemnitors" can include a "limited liability company or other legal entity in which one or more of them are involved," whether existing at the time Smith agreed to be an indemnitor or formed later. *Doc. 33-2 at 1; Doc. 33-3 at 1.* There is perhaps some ambiguity lurking in the phrase "one or more of them." It may refer to the original signers, or just to those added later by rider, or to all of them. Reading this broad definition in the light most favorable to Travelers, it has plausibly alleged that these entities are indemnitors under the 2010 and 2018 agreements, even

though they didn't sign them, because of Smith's involvement with the entities.

The 1997 agreement, however, doesn't define indemnitors at all, much less define the term expansively or bring in later-created entities. *Doc. 33-1*. It's undisputed that the three entities didn't sign it. Those entities didn't exist when Smith signed the 1997 agreement. *Doc. 33-6*. Travelers's claims against JCA, Forest Oaks, and ACJ Rental based on the 1997 indemnity agreement are therefore dismissed. And because no further amendment would allow Travelers to plead this claim sufficiently, the dismissal is with prejudice. *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 758 (8th Cir. 2021).

Travelers has also plausibly alleged that Smith had actual or apparent authority to bind the three entities. Smith signed the 2010 and 2018 agreements on behalf of S&J Construction. The amended complaint also refers to financial statements indicating that S&J Construction and the three entities are "affiliated by common ownership and management control . . .." *Doc. 33 at 10*. Travelers alleges that Smith was a founder, member, and officer of each. *Doc. 33 at 11*. And he was listed as an officer for at least one of the entities. *Doc. 33-6*. At this early stage of the case, those facts create a reasonable inference that Smith had actual or apparent authority to bind the three entities when he signed the 2010 and 2018 indemnity agreements. RESTATEMENT (THIRD) OF AGENCY §§ 2.01 & 2.03 (AM. L.

INST. 2006); *Arkansas Valley Feed Mills, Inc. v. Fox De Luxe Foods, Inc.*, 171 F. Supp. 145, 156-60 (W.D. Ark. 3 March 1959).

\* \* \*

Motion to dismiss, *Doc. 37*, partly granted and partly denied.

So Ordered.

*[signed] DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 June 2024